John Shillito *v.* James Pullan et al.

---

## JOHN SHILLITO *v.* JAMES PULLAN ET AL.

### (No. 3,731.)

S. and P. were tenants in common of lots and buildings. P. leased his undivided interest to S. for a term of years, S. agreeing to keep the buildings insured, to pay all taxes and assessments, and a money rent to P., during the term. S. being in possession of the whole property, filed a petition for partition under the code against P., and it appeared that the premises were not susceptible of division by metes and bounds.

*Held*: that P. was entitled to have all the benefits of the lease secured to him; that this could only be done by a separate sale of his interest subject to the lease; that S. did not need the aid of the law to affect a separate sale of his own interests, and had no right to invoke it for a sale of P.'s.

GENERAL TERM.—Reserved from special term on demurrer to an amended petition.

This was a petition for partition and other relief under the code. The plaintiff was in possession of the whole property, of one undivided half as the owner in fee simple, of the other by virtue of a lease for years from his co-owner, James Pullan, which would expire in December, 1862. The conditions of this lease are fully stated in the petition. They provide among other things for the payment by Shillito of all taxes, levies and assessments, and of a money rent to Pullan of fifteen hundred dollars per annum, and that the plaintiff shall,

at his own expense, keep the buildings on the premises insured during the term for the benefit of Pullan, in the sum of six thousand two hundred and fifty dollars.

A demurrer to this petition was sustained by Judge Gholson at special term, but the cause coming on to be heard in general term, the judgment was reversed, because it did not sufficiently appear from the record but that the property could be divided by metes and bounds, the objection made having reference, not to such a division, but to a sale.

It was thereupon remanded, and the parties having agreed and made it part of the record of the cause that the property is of such a character that partition can not be made by metes and bounds, the cause was reserved for decision of the question whether the plaintiff is entitled to a sale.

*Worthington & Matthews*, for plaintiff.

*Lincoln, Smith & Warnock*, for defendants.

HOADLY, J., delivered the opinion of the court.

The owners, Shillito & Pullan, by the lease, have assumed certain obligations toward each other, of the benefit of which neither can deprive the other. Pullan, by his answer, objects to partition, because, he avers, that it puts an end to the term. This, we are of opinion, can not be done. If by the lease an enhanced value is given to the undivided half of this estate owned by Pullan, or any benefits have been reserved to him, it would impair the obligations of the contract to cut short the term.

If his co-owner is entitled to partition, it must therefore be so made as to preserve to Pullan all his rights secured by this contract. If the property were susceptible of specific division, this result could be accomplished in that way; and the supreme court in *Morgan* v. *Staley*, 11 Ohio, 389, decided that a party who was in possession of an entire property, as tenant for life, and owned the reversion of one-sixth, could have such partition. The question how a sale could be made under such circumstances was not brought to the attention of the court.

In the present case the difficulty is enhanced by the fact that a contract exists by which one owner has agreed to keep the premises insured, to pay all taxes and assessments, and a money rent for the use of the other's half. And if a sale is made, the benefits of the lease must as far as practicable be reserved to Pullan, that is, the property must be sold subject to the lease.

Not merely subject to the right to possess in Shillito, but the benefit of the lease must pass to the purchaser, so that he shall succeed to the position of Pullan, the lease being preserved intact, and Shillito, as to the undivided half leased, becoming the tenant of the purchaser.

By such a sale, and only thus, can Pullan be secured in the benefits of the lease, on which he insists in his answer. The sale would transfer Shillito's half in unincumbered fee simple, and Pullan's half incumbered by the lease, or, as the fact may be, enhanced in value by the lease.

Can such sale be made?

It is obvious from this statement that the only sale which can be had is, practically, a sale of the two interests. For, if Pullan's half is to be sold subject separately to the lease, it must be so appraised and offered that the benefit or disadvantage of the incumbrance shall attach to that half alone. We can not give Shillito half of the increased value occasioned by the lease, we can not require him to suffer half the decrease. Yet that would be the result were we to order a sale of the whole as a single estate subject to the lease.

We must therefore order an appraisement of Shillito's half, unincumbered by itself; and of Pullan's half increased or decreased in value as the fact may be by itself, and sell them separately.

Upon such a sale it is obvious that Shillito occupies a very different position from Pullan or other bidders. He alone by purchase can obtain possession of the whole property; and yet as far as possession goes, he needs no sale to effect this object, for he has it now.

John Shillito *v.* James Pullan et al.

Any other purchaser would take only an undivided half of the possessory right.    To obtain possession of the entire property, he would have either to release Shillito from the obligations of the lease, and then have the benefits which he has purchased and paid for, or resort to a new action for a partition between himself and Shillito, in which as no specific partition can be made, the difficulties of this case would be presented in a new and perhaps enhanced form.    It is true Shillito might surrender possession and still continue to pay rent and perform the other covenants of the lease; but we have no right to impose such condition upon him, and no reason to believe that he would consent.

And as to the title which would be transferred by such a sale.    It is to be remembered that one part owner has no right to ask a sale of his co-owner's interest in the joint property, except as a means of obtaining a severance and the enjoyment of his own estate in severalty.    And this is not a proceeding under the statute, but the equitable jurisdiction of the courts is invoked, proceedings under the code having been resorted to for the purpose.    And the petition is not merely for partition, but under another aspect of the case, not necessary to be considered in this opinion, a sale is sought of Pullan's interest to pay a judgment, which it is averred can not be collected upon execution.

In a partition in equity, whatever may be true of the statutory remedy, sale will be refused, unless it is shown to be absolutely essential to the enjoyment of the petitioner's right.    For, except in such contingency, one owner's dissent is equal to the other's assent.    One has as much right to ask a refusal as the other the order of sale.    And as the wife's inchoate dower would be cut off by such sale, without any compensation ( *Weaver* v. *Gregg*, 6 Ohio, St. 547), there may be very good ground for refusing a sale if the petitioner's rights can be secured without it.

Now, the moment that we ascertained that in this case the sale, if ordered, would have to be of the several interests separately, every reason for a sale was removed.    The plain-

tiff can sell his own half at auction or private sale without our interposition. It will not facilitate the sale of his interest to put up his co-owner's separate, at the same time and place. And if different persons should buy them the difficulties of the present owners would only be transferred to new hands.

We are, therefore, of opinion that James Pullan is entitled to have all the benefits of the lease secured to him in case of any sale; that this can only be done by a sale of his interest in the property subject to the lease; that such sale can not be made except by an appraisment and sale of the interests of the two owners separately; that to sell his own interest Shillito does not need our aid, and has no right to invoke it for a sale of Pullan's.

The case will be remanded for judgment in accordance with this opinion.

Storer and Spencer, JJ., concurred.